```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION

RIGHT TRAILERS, INC.,

       Plaintiff,
v.                              Case No. 8:14-cv-1004-T-33EAJ

WILLIAM R. HOBSON, et al,

       Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to Defendants William R. Hobson and Hobson Homes, Inc. d/b/a Southern Wholesale Trailers and RV's ("Southern Wholesale") Motion to Dismiss (Doc. # 12) filed on May 20, 2014. Plaintiff Right Trailers, Inc. filed a Response (Doc. # 14) on June 3, 2014. For the reasons stated at the hearing held on July 1, 2014, and for the reasons that follow, the Court grants the Motion to Dismiss as to the claims asserted against William R. Hobson with leave to amend by July 15, 2014.  The motion is otherwise denied.

**I.   Background**

Right Trailers was founded in 2004 "for the purposes of selling and distributing custom commercial trailers for business and motoring enthusiast's purposes." (Doc. # 1 at ¶ 8). On April 30, 2013, Right Trailers was granted Registration No. 4,327,039.00, Serial No. 85-586,601 for the words and

mark RED HOT TRAILERS for promoting the sale and distribution of various trailers, including cargo, equipment, and horse trailers. (Id. at ¶ 10). Right Trailers alleges that, subsequent to the issuance of the trademark to Right Trailers, Southern Wholesale promoted its retail trailer business using Right Trailers' trademark, RED HOT TRAILERS, on a sign outside its business. (Id. at ¶ 12). Right Trailers sent a cease and desist letter to Southern Wholesale on or about June 14, 2013, demanding discontinuation of the use of its RED HOT TRAILERS trademark. (Id. at ¶ 13).

Following the cease and desist letter, Southern Wholesale changed its sign from "Red Hot Trailers" to "Real Hot Trailers". (Id. at ¶ 14). Right Trailers claims that "from a short distance, the word 'real' looks remarkably similar to the word 'red'" and is "confusingly similar" to Right Trailers' Trademark. (Id. at ¶¶ 14, 15). Right Trailers attaches pictures of Southern Wholesale's sign, before and after the change, to the complaint. (Doc. # 1 Ex. B, C). Right Trailers sent Southern Wholesale a second cease and desist letter on or about July 24, 2013. (Id. at ¶ 16). Southern Wholesale responded by advising Right Trailers that it would not change its sign for a second time. (Id. at ¶ 17).

Right Trailers filed a complaint against Southern Wholesale alleging (1) Trademark Infringement under Lanham

Act § 32, (2) Unfair Competition and False Designation of Origin under Lanham Act § 43, (3) Florida Trademark Infringement under § 495.151, Fla. Stat., (4) Florida Unfair Competition, and (5) Florida injury to business reputation and dilution. (Doc. # 1). Southern Wholesale filed the present Motion to Dismiss on May 20, 2014. (Doc. # 12). Right Trailers filed a Response on June 3, 2014. (Doc. # 14).

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, in Twombly, the Supreme Court cautioned:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal

3

citations omitted).

Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

## III. <u>Analysis</u>

### A. <u>Shotgun Pleading</u>

Southern Wholesale alleges that Right Trailers' complaint is a "shotgun pleading" which should be dismissed. (Doc. # 12 at 5). Southern Wholesale correctly notes:

> In a shotgun style pleading, the complaint incorporates all of the general factual allegations by reference into each subsequent claim for relief. Neither [the appellate court] nor the district court is required to parse the complaint searching for allegations . . . that could conceivably form the basis of each of [the plaintiffs'] claims.

<u>Ferrell v. Durbin</u>, 311 F. App'x 253, 259 (11th Cir. 2009).

However, <u>Ferrell</u> further states that, "Appellants were required to clearly connect each factual allegation to the appropriate count in the complaint in order to satisfy Rule 9(b)." <u>Id.</u> Right Trailers claims that the background facts in paragraphs 1 through 24 of the complaint are realleged throughout the complaint because they are applicable to all claims for relief raised. (Doc. # 14 at 2). This Court agrees

4

that Counts II through V of the complaint do not impermissibly incorporate by reference the allegations of each and every preceding Count. Rather, each Count incorporates only the general and factual allegations contained in paragraphs 1 through 24 of the complaint that are common to all of the Counts. (See Doc. # 1 at ¶¶ 1-24). Therefore, the Court declines to dismiss the complaint as a shotgun pleading.

### B. William R. Hobson

Southern Wholesale claims that Right Trailers' complaint does not contain a single allegation which would support a finding that William Hobson is personally responsible for the actions alleged in the complaint, and therefore, Right Trailers does not have a cause of action against Hobson, personally. (Doc. # 12 at 7).

In Bentley Motors Ltd. Corp. v. McEntegart, No. 8:12-cv-1582-T-33TBM, 2012 WL 4458397 at *3 (M.D. Fla. Sept. 26, 2012), this Court noted that Bentley alleged in the complaint that the defendant, Fraray, individually was a "moving, conscious, and active force behind the infringing acts at issue, and actively participates in and approves the acts." Therefore, the Court found that there was no basis to dismiss Fraray as a defendant. See also Babbit Elec., Inc. v. Dynascan Corp., 38 F.3d 1161, 1184 (11th Cir. 1994)("a corporate officer who directs, controls, ratifies, participates in, or

5

is the moving force behind the infringing activity, is personally liable for such infringement. . .").

In the instant case, Right Trailers alleges no facts in its complaint that Hobson is the "moving force" behind the allegedly infringing activity. The only allegation against Hobson in the complaint states, "Upon information and belie[f], the Defendant, WILLIAM R. HOBSON, is an individual residing at all relevant times within the jurisdiction of this Court at 6710 Poley Creek Drive West in Lakeland, Polk County, Florida 33811." (Doc. # 1 at ¶ 7). At the hearing, counsel for Right Trailers conceded that the complaint does not contain adequate allegations against Hobson. Therefore, the grants the Motion to Dismiss to the extent that the Court dismisses all claims asserted against William R. Hobson. However, the Court grants Right Trailers leave to amend the complaint on or before July 15, 2014, if it so chooses.

### C. Trademark Infringement

"In order to prevail on a claim of trademark infringement, a plaintiff has the burden of showing (1) that he had a valid trademark and (2) that the defendant had adopted an identical or similar mark such that consumers were likely to confuse the two." See U.S.C. § 1125(a); Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1216 (11th Cir. 2000).

#### 1. Valid Trademark and "First Use"

6

Southern Wholesale points out that the Eleventh Circuit in Leigh also states that, "the plaintiff's use of the mark must predate the defendant's potentially confusing mark." Id. Southern Wholesale claims that Right Trailers has failed to allege in the complaint that it first used the mark prior to Southern Wholesale using the mark, and therefore, has failed to state a cause of action for Trademark Infringement under the Lanham Act. (Doc. # 12 at 9). However, as Right Trailers correctly argues, the plaintiff in Leigh did not possess a trademark in the subject mark. Right Trailers has produced the certificates of registration for the relevant mark, RED HOT TRAILERS. (Doc. # 1 at Ex. A). Furthermore, the issue of first use in Leigh was addressed at the summary judgment stage.

Southern Wholesale further contends that Right Trailers' trademark is contestable, and therefore, not presumed to be valid. (Doc. # 12 at 9). Southern Wholesale cites Flag Co., Inc. v. Chan, 454 F. App'x 776, 778 (11th Cir. 2011), where the court found that the validity of an incontestable mark could not be challenged on the grounds that it was merely descriptive. The mark in Flag Co. met the requirements of incontestability under 15 U.S.C. § 1065, which states that:

> Five years after a mark has been registered, its holder may file an affidavit with the United States Patent and Trademark Office certifying that the

7

>mark has been in continuous use since registration, that there is no pending proceeding concerning the mark, and that there has been no adverse decision concerning the registrant's ownership of the mark.

However, the issue of contestability in Flag Co. was decided at the summary judgment stage. Flag Co., 454 F. App'x at 778.

Right Trailers claims that its allegation that it possesses a valid trademark is sufficient to state a claim for trademark infringement and survive a motion to dismiss. Id. Right Trailers further states that none of the cases cited by Southern Wholesale concern "the existence of a registered trademark and sufficiency of the registered trademark to overcome a motion to dismiss." (Doc. # 14 at 3). See Knights Armament Co. v. Optical Sys. Tech. Inc., 636 F. Supp. 2d 1283 (M.D. Fla. 2009)(addressing the issue of "first use" at the summary judgment stage). "A certificate of registration acts as prima facie evidence of the mark's validity and of the registrant's exclusive right to use the trademark mark." Nida Corp. v. Nida, 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000) (citing 15 U.S.C. §§ 1057, 1115(a)). The Court agrees that Right Trailers' trademark registration is sufficient to plead the existence of a valid trademark at this preliminary juncture.

8

### 2. **Probability of Confusion**

Southern Wholesale also asserts that dismissal of the complaint is appropriate because Right Trailers cannot show that Southern Wholesale's use of the alleged trademark on the sign in front of Southern Wholesale is likely to cause confusion, mistake, or deception. (Doc. # 12 at 11). Southern Wholesale points out that its sign reads "Real Hot Trailers," while Right Trailers' trademark is for the words RED HOT TRAILERS. (Id.) Right Trailers counters that the words on Southern Wholesale's sign are so similar to the words RED HOT TRAILERS that it will cause confusion or mistake, and deceive customers. (Doc. # 1 at ¶ 29). "The underlying purpose in considering the similarity of marks as an indicator of likelihood of confusion is that the closer the marks are, the more likely reasonable consumers will mistake the source of the product that each mark represents." Freshling Enter., Inc. v. Int'l Select Grp., Inc., 192 F.3d 1330, 1337 (11th Cir. 1999).

Right Trailers claims that it has properly alleged the likelihood of confusion in the complaint:

> The Defendant's use of the Plaintiff's Trademark and/or the colorable imitation thereof is likely to cause and, upon information and belie[f], is causing confusion, mistake, deception among the general public, and is likely to deceive the public into believing that products sold by the Defendants originate from or are associated with the Plaintiff

9

>
> or the products sold by the Plaintiff, all to the detriment of the Plaintiff's reputation, goodwill, and sales.

(Doc. # 1 at ¶ 29). Right Trailers includes pictures of Southern Wholesale's sign, both when it previously read "Red Hot Trailers" and currently when it reads "Real Hot Trailers." (Doc. # 1 at Ex. B, C).

Upon due consideration, the Court determines that the allegations in the complaint and the depictions of Southern Wholesale's signage are sufficient to plead the possibility of confusion, mistake, or deception. Right Trailers' trademark infringement claim is accordingly not subject to dismissal on this basis.

### D. Unfair Competition and False Designation of Origin

Right Trailers alleges that Southern Wholesale has violated § 43 of the Lanham Act. Section 43(a) of the Lanham Act creates a federal cause of action for unfair competition by prohibiting the use in interstate commerce of any "word, term, name, symbol or device, . . . or any false designation of origin . . . which is likely to cause confusion . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010); see 15 U.S.C. § 1125(a).

Southern Wholesale claims that "[Right Trailers] fails

10

to make any specific factual allegations that consumers have withheld trade from [Right Trailers], that [Right Trailers] has otherwise suffered from deception of consumers, or that any other injury to a commercial interest or reputation has occurred." (Doc. # 12 at 14). Southern Wholesale claims that Right Trailers' repeated use of "upon information and belief" in the complaint demonstrates that it is making conclusory allegations that do not satisfy the pleading requirements. (Id.).

Southern Wholesale points to the factors that courts in the Eleventh Circuit consider in determining whether the defendant's use of a mark is likely to cause confusion, cause mistake, or to deceive as to the product's association or affiliation with another entity. (Id. at 16). These factors include (1) the type of mark; (2) the similarity of the marks at issue; (3) the similarity of the services the marks represent; (4) the similarity of the parties' service outlets and customers; (5) the similarity of the parties' advertising methods; (6) the defendant's intent; and (7) any actual confusion. Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes and of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Order of St. John of Jerusalem, Knights of Malta, Ecumenical Order, 702 F.3d 1279, 1293 (11th Cir. 2012).

Southern Wholesale addresses each of these factors. First, Southern Wholesale claims that Rights Trailers' mark is not strong; pointing out that the phrase "Red Hot" is used prolifically in advertisements across the country. (Doc. # 12 at 16). Southern Wholesale also argues that the similarity between the marks is not great, because Right Trailers claims rights to the phrase RED HOT TRAILERS while Southern Wholesale uses the phrase "Real Hot Trailers." (Id. at 17). Southern Wholesale points out that although Right Trailers claims that the trailers sold by Southern Wholesale are similar to those marketed and sold by Right Trailers, it has not alleged that Southern Wholesale is in the business of selling "cargo trailers, equipment trailers, horse trailers; trailers, in class 12." (Id.). Southern Wholesale also contends that Right Trailers has not made any allegations regarding similarity of sale methods, or similarity of advertising methods, or any allegations involving Southern Wholesale's intent. (Id.). Finally, Southern Wholesale remarks that the complaint contains no allegations of actual, or even likely, confusion by a customer. (Id.).

Southern Wholesale cites Rain Bird Corp. v. Taylor, 665 F. Supp. 2d 1258, 1266 (N.D. Fla. 2009), where the court found that the elements of a cause of action under § 43(c) of the Lanham Act are that (1) the plaintiff's mark is famous; (2)

the defendant used the plaintiff's mark after the plaintiff's mark became famous; (3) the defendant's use was commercial and in commerce; and (4) the defendant's use of the plaintiff's mark has likely caused dilution. Southern Wholesale claims that the complaint does not allege that Right Trailers' mark has become "famous," and therefore does not state a cause of action under Lanham Act § 43(c). (Doc. # 12 at 18).

Right Trailers responds:

> The Defendants' acts, in using the Trademark for the identical purpose of that as the Plaintiff, have misled and continue to mislead and deceive the public as to the source of the goods and services offered or sold, permit and accomplish palming off of Defendants' goods and services as those of the Plaintiff, and falsely suggest a connection with the Plaintiff's business.

(Doc. # 14 at 4).

Paragraph 22 of the complaint alleges, "Upon information and belief, the Defendants' use of the Plaintiff's Trademark is intended and calculated to provide the Defendants with commercial benefit to the detriment of the Plaintiff." (Doc. # 1 at ¶ 22). Right Trailers contends that this allegation is sufficient to withstand the present Motion to Dismiss on the issue of unfair competition. The Court agrees.  A complaint "does not need detailed factual allegations" to survive a motion to dismiss. <u>Twombly</u>, 550 U.S. at 555.  Factual

13

allegations need only "be enough to raise a right to relief above the speculative level." Id. Right Trailers does not have to allege specific facts in the complaint.

Furthermore, Right Trailers posits that Southern Wholesale is likely in possession of unique facts as to whether customers were confused, misled, or drawn away from Right Trailers' business, and therefore, Right Trailers should be given the opportunity for discovery and furtherance of this case on its merits. (Doc. # 14 at 4). Right Trailers claims that Southern Wholesale inappropriately argues the disputed facts of the case, rather than the sufficiency of notice pleadings. (Id.) Indeed, an argument that a plaintiff will be "unable to prove their case" is inappropriate in the context of a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss analysis. See Probill, Inc. v. Cumbie Law Office Automation Consulting, Inc., No. 12—80821-CIV, 2013 WL 2158431 (S.D. Fla. May 17, 2013).

Southern Wholesale's arguments concerning Right Trailers' purported inability to ultimately prevail on a claim of unfair competition under the Lanham Act are prematurely asserted. Furthermore, "on a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true." Stephens, 901 F.2d at 1573. Taking the facts as true, Right Trailers has provided

enough information in the complaint to state a claim for unfair competition and false designation of origin.

### E. Florida State Law Claims

Southern Wholesale contends that because Right Trailers has failed to state a cause of action for trademark infringement and unfair competition under federal law, the same claims under State law should also be dismissed. (Doc. # 12 at 20). Southern Wholesale further alleges that because Right Trailers fails to state a cause of action under Florida Trademark Infringement, its injury to business reputation claim must also fail. (Id. at 21).

Right Trailers asserts that it can maintain an action under the Lanham Act for Trademark Infringement, as well as unfair competition and false designation of origin, and therefore its state claims cannot be dismissed. (Doc. # 14 at 5). Furthermore, Right Trailers points out that Southern Wholesale cites to cases with a different set of facts than the instant case. (Id.) For example, in Brain Pharma, LLC v. Scalini, 858 F. Supp. 2d 1349 (S.D. Fla. 2012), the plaintiff did not hold a registered trademark. In the instant case, Right Trailers holds a registered trademark and asserts that it can maintain a cause of action for trademark infringement, and therefore, its state claims should not be dismissed. (Doc. # 14 at 5).

15

As previously discussed, Right Trailers has adequately pled a cause of action for trademark infringement and unfair competition under federal law, therefore its state claims will not be dismissed for the same reasons.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants William R. Hobson and Southern Wholesale's Motion to Dismiss Plaintiff's Complaint (Doc. # 12) is **GRANTED IN PART AND DENIED IN PART.**

(2) The Motion is granted to the extent that Right Trailers' complaint is dismissed without prejudice as to William R. Hobson, with leave to amend on or before July 15, 2014. The Motion is otherwise denied.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 2nd day of July, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

16